Moncure, P.
delivered the opinion of the court.
The court is of opinion that the Circuit court did not err, at least so far as the appellee, Ralston, is concerned, in not confirming the sales made by the appellant to Flick and Quinlan in the proceedings mentioned. Those sales were made in subordination to the paramount right of the said appellee, Ralston, who, in his contract of sale to the appellant, expressly reserved a lien on the entire tract of land sold, to secure the deferred instalments of the purchase money. The sales to Flick and Quinlan of portions of the said tract of land, were subsequently made by the vendee, Effinger, without the consent of the vendor, Ralston, and of course were not binding upon him, and could not prejudice his paramount right to have the whole tract of land sold, if necessary, for the payment of the purchase money due to him. The court properly directed the commissioner appointed to make the sale, to sell in the first place the portion of the land remaining in the hands of Effinger ; and if a sufficient amount should be realized from said sale to satisfy the -decree, including costs of suit and sale, to make no further sale. But, in case a sufficient amount should not be realized from *435 said sale to pay oft' and satisfy the said decree, then the court properly directed the said commissioner to sell the residue of said land sold by Ralston to Eftinger, or so much thereof as might be necessary to satisfy the balance due under the said decree from the said Eftinger. This was all that either Effinger, Flick, or Quinlan had any right to require in regard to the land sold to Flick and Quinlan. Ralston was not bound to engage in a controversy with them about the specific execution of the contracts of sale made to them by Effinger. If they had proposed to pay into court to the credit of the cause the amounts due on their contracts with Effinger, and had shown that such amounts were at least equal to the value of the land bought by them respectively, the court ought to have accepted their proposition, received the money, and confirmed their title : and no doubt the court would have done so. But they made no such proposition. On the contrary, Quinlan, who purchased eighty acres of the land, says, in an affidavit filed and read as evidence in the cause, that he was deceived by Effinger in regard to the lines of the said land, and in other respects, and in such a way, that he determined, shortly afterwards, not to pay for it. It seems that the sale to Quinlan was in February 1867, about a month before the institution of this suit; and, except as to f500 of the purchase money, which was to be paid in hand, was on a credit of one, two, three and four years. It would have been unreasonable and unjust to require Ralston to incur the expense, trouble, and delay of a suit to enforce the specific execution of this contract between Effinger and Quinlan, especially when Quinlan contested its validity on the ground of fraud.
The court is further of opinion that the Circuit court did not err in not setting aside the sale made by the commissioner in February 1869, on the ground of inadequacy of price, and ordering a resale. The commissioner who made the sale reported that it wras for a fair and full *436 price, and ought to be confirmed ; and many affidavits were taken and filed to that effect; while on the other hand, about as many were taken and filed to the contrary effect. The preponderance of the evidence seems to sustain the report, and the opinion of the Circuit court was to the same effect. To induce a court to set aside a sale fairly made in pursuance of a decree, merely upon the ground of inadequacy of price, there ought to be a decided preponderance of evidence of such inadequacy, even if it be conceded that mere inadequacy of price is, in itself, a sufficient ground for setting aside such a sale.
The court is further of opinion that the Circuit court did not err in making it a condition of a resale of the laud, that the appellant should file with the clerk of said court, bond with good security in the penalty of $15,000, conditioned that at the next offer of the land for sale he would bid five per cent, more than the commissioner sold the same for before, including the costs of said sale, and upon the same terms, and would comply with the terms of said sale. The court might well have refused to order a resale on any terms whatever, but have confirmed the sale absolutely ; and of course the appellant has no right to complain of the terms on which a privilege was afforded him by the court of having a resale, if he desired one and could and would comply with the terms. He made no motion to open the biddings. If he had done so, >and pursued the proper course in such cases, the court would have ordered them to be opened on proper terms. “ Where a person is desirous of opening a bidding, (says Sugden in his law of vendors, p 66, marginal), he must, at his own expense, apply to the court by motion for that purpose, stating the advance offered. Notice of the motion must be given to the person reported the pm chaser of the lot, and to the parties in the canse. If the court approve of the sum offered, the application will be granted,” and a"new sale ordered. “ Mere advanee of price, (says Sugden fur *437 ther, Id.,) if the report of the purchaser being the best bidder is not absolutely confirmed, is sufficient to open the biddings “ but the court will stipulate for the price, and not permit the biddings to be opened upon a small advance ; aud although an advance of ten per cent, used, generally, to be considered sufficient on a large sum, yet no such rule now prevails; but in the case of a sale under a creditor’s suit, the court permitted the biddings to be opened upon an advance of 5 per cent, on £10,000. An advance of £350 upon £5,300 was refused, and it was said that the former cases only established, that where an advance so large as £500 is offered, the court will act upon it, though it be less than 10 per cent.” “ The determinations on this subject assume a very different aspect when the report is absolutely confirmed. Biddings are in general not to be opened after confirmation of the report; increase of price alone is not sufficient, however large, although it is a strong auxiliary argument where there are other grounds.” (Id. 67.) “ Where the biddings are opened, the advance is ordered to be deposited immediately, and the costs of the purchaser to be paid by the persons opening the biddings.” (Id. 69.) Such are some of the rules of the English practice on this subject, and the same practice and rules, substantially, exist in this State, though not in all the States of the Union. They do not, however, apply to this case, as it was not a case for opening the biddings, no advance of price having been offered, nor even a motion to open the bid-dings made. It is needless, therefore, to enquire whether the penalty of the bond required of the appellant as aforesaid was not greater than it might well have been. The court is therefore of opinion that there is no error in the decrees aforesaid, and that the same ought to be' affirmed. But the court is of opinion that such affirmance ought to be without prejudice to any relief to which the appellant may be entitled against the appellees, Elick and Quinlan, or either of them, either in this suit *438 or in any other suit he may he advised to bring on account of the sales made by him to them respectively in the proceedings mentioned. They have become purchasers at the sale made under a decree in this suit of the same land previously bought by them respectively of the appellant, but they have so become purchasers at less prices than those at which they had previously bought the land as aforesaid. And as they seem to have thus gotten what they had contracted for with Effinger, it may be just and equitable that they should account with him for the difference between the amount of purchase money agreed to he paid by them to him, and the amount of the price at which they purchased the same land under a decree in this suit as aforesaid. Such a mode of settlement would seem to be consonant with the case of Stephens v. Hutchison, &c. 6 Gratt. 147. Without, however, deciding that question, which cannot properly be decided upon the pleadings and proofs now in this cause, we think the decree appealed from and the affirmance thereof ought to be without prejudice as aforesaid ; and it is therefore ordered accordingly.
The decree was as follows :
The court is of opinion, for reasons stated in writing and filed with the record, that there is no error in the decree aforesaid. But, as the appellees, Flick and Quinlan, have become purchasers at the sale made under a decree in said suit, of the same land previously bought by them respectively of the appellant, and have so become purchasers at lower prices than those they had agreed to pay to him for the same land, it may he just and equitable that they should account with him for the difference between the amount of purchase money agreed to be paid by them to him, and the amount of the price at which they purchased the same land under a decree in said suit as aforesaid. Such a mode of settlement would seem to be consonant with what was decided by this court in the *439 case of Stephens v. Hutchison, &c., 6 Gratt. 147. "Without, however, deciding that question, which cannot properly he decided upon the pleading and proofs now in the cause, the court is of opinion that the said decree appealed from, and the affirmance thereof, ought to be without prejudice to any relief to which the appellant may be entitled against the said Flick and Quinlan or either of them, either in this suit or in any other suit he may be advised to bring, on account of the sales made by him to them respectively as aforesaid.
Therefore, it 'is decreed and ordered that the said decree appealed from be affirmed, but without prejudice as aforesaid, and that the appellant pay to the appellee, Balston, thirty dollars damages, and his costs by him about his defence in this behalf expended, which is ordered to be certified, &c.
Decree affirmed ; bul without prejudice.